FILED

2014 APR 2   12: 04

CLERK. U.S. D[.]
CENTRAL DIST.
LOS ANGEL[.]

BY _____

1   Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2   3150 Montrose Ave.
La Crescenta, Ca. 91214
3   Tel.818.249.5291
FAX 818.249.4329
4   Email: rbrennan@brennanlaw.com

5   Attorney for: Plaintiff Robert Sainburg

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ROBERT SAINBURG, an Individual;          Case No.: CV14- 3098-R (AGRx)

12        Plaintiff,                           **COMPLAINT FOR DAMAGES:**

13        vs.

14   EXPERIAN INFORMATION                      1. FAIR CREDIT REPORTING ACT.
     SOLUTIONS, INC., a Corporation;           2. CALIFORNIA CONSUMER
15   EQUIFAX INFORMATION                          CREDIT REPORTING AGENCIES
     SERVICES, LLC., is a business entity         ACT.
16   form unknown; MEDICREDIT, INC., a        3. FAIR DEBT COLLECTION
     Corporation; J.J. MACINTYRE,CO.,            PRACTICES ACT.
17   INC, a Corporation; CEDARS SINAI         4. CALIFORNIA ROSENTHAL FAIR
     MEDICAL GROUP, an unknown                   DEBT COLLECTION PRACTICES
18   business entity, and DOES 1-10,             ACT
     Inclusive,
19
          Defendants.
20

21                                            **JURY TRIAL DEMANDED.**

22        Plaintiff alleges:

23        1. Plaintiff ROBERT SAINBURG ("Plaintiff") is a resident of County of

24   Los Angeles, State of California.

25        2. Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX")

26   is a business entities, form unknown, Doing business in the State of California and

27   EXPERIAN INFORMATION SOLUTIONS INC ("EXPERIAN") is a

28

                              COMPLAINT FOR DAMAGES

1  Corporation, as credit bureaus which receives negative credit information about

2  consumers and which then publish such information in credit reports available to

3  its subscribers.  Collectively, these defendants will be referred to as "credit bureau

4  defendants" or "credit agency defendants".

5       3. Defendants MEDICREDIT INC ("MEDICREDIT") and J.J.

6  MACINTYRE, CO., INC., ("JJMACINTYRE") are collection agencies which,

7  among other activities, report allegedly delinquent debts to credit bureaus and are

8  "furnishers" under the Fair Credit Reporting Act.

9       4. Defendant CEDARS-SINAI MEDICAL GROUP ("CEDARS") is a

10  medical facility which, among other activities, reports allegedly delinquent debts

11  to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

12       5. Defendants DOES 1-10 are individuals and business entities, form

13  unknown, doing business in the State of California as credit reporting agencies,

14  debt collection agencies, creditors or other persons or entities which engage in

15  credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes

16  individuals or business entities doing business in the State of California as credit

17  reporting agencies, debt collectors and/or creditors who have refused to delete

18  accounts of plaintiff that were procured through identity theft, mixed file or other

19  manner of recording an inaccurate credit account, even after plaintiff has notified

20  them of the false or inaccurate derogatory, and also who have reported such

21  accounts as derogatory credit references to credit reporting agencies.

22       6. Plaintiff does not know the true names and capacities, whether corporate,

23  partnership, associate, individual or otherwise of Defendants sued herein as Does

24  1 through 10, inclusive, under the provisions of Section 474 of the California

25  Code of Civil Procedure.  Plaintiff is informed and believes and on that basis

26  alleges that Defendants Does 1 through 10, inclusive, are in some manner

27  responsible for the acts, occurrences and transactions as officers, directors or

28

---

COMPLAINT FOR DAMAGES

1  managing agents of Defendants or as its agents, servants, employees and/or joint
2  venturers and as set forth in this complaint, and that each of them are legally liable
3  to Plaintiff, as set forth below and herein:
4         a) Said Officers, directors or managing agents of Defendants personally
5  acted willfully with respect to the matters alleged in this complaint;
6         b) Said officers, directors or managing agents of Defendants personally
7  authorized, approved of, adopted and/or ratified the acts alleged herein or the
8  agents, servants, employees and/or joint venturers of Defendants did so act;
9         c) Said officers, directors or managing agents of Defendants personally
10 participated in the acts alleged herein of Defendants;
11        d) Said Officers, directors or managing agents of Defendants personally had
12 close supervision of their agents, servants, employees and/or joint venturers of
13 Defendants;
14        e) Said Officers, directors or managing agents of Defendants personally
15 were familiar with the facts regarding the matters alleged herein;
16        f) Said Officers, directors or managing agents of Defendants personally
17 failed to investigate the circumstances appertaining to the acts alleged herein.
18 They also failed and refused to repudiate the herein alleged actions and failed to
19 redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing
20 agents of Defendants failed and refused to punish or discharge the said agents,
21 servants, employees and/or joint venturers of Defendants, even after learning of
22 the acts of the agents, servants, employees and/or joint venturers of Defendants.
23 Plaintiffs will seek leave to amend this complaint to set forth the true names and
24 capacities of said fictitiously named Defendants as enumerated above, together
25 with appropriate charging allegations, when learned.
26        7. Plaintiff is informed and believes, and thereon allege that at all relevant
27 times herein each Defendant, whether actually or fictitiously named, was the
28

1   principal, joint venturer, agent, servant or employee of each other Defendant, and
2   in acting as such within the course, scope and authority of such relationship, took
3   some part in the acts and omissions hereinafter set forth, by reason of which each
4   Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any
5   future amended complaint. Further, Plaintiff alleges that each act alleged herein,
6   whether by a named Defendants or fictitiously named Defendants or otherwise,
7   was expressly authorized or ratified, as these terms are used in California Civil
8   Code Section 3294(b), by each and every other Defendant herein, whether named
9   or fictitiously named.

10

11                              **FIRST CAUSE OF ACTION**
12                  **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**
13                   **AGAINST MEDICREDIT, EQUIFAX AND EXPERIAN]**
14          8. Plaintiff re-alleges and incorporates all preceding paragraphs as though
15   set forth in full in this cause of action.
16          9. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c)
17   of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15
18   U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EXPERIAN and
19   EQUIFAX who are "consumer reporting agencies" as that term is defined in 15
20   U.S.C. Section 1681a (f).
21          10. On or about June 20, 2013, Plaintiff was appointed Trustee of the
22   Stroyeva Family Trust who is deceased. CEDARS  has asserted claims against
23   Plaintiff for amounts due from Ms. Stroyeva, who was the Settlor for this Trust.
24   CEDARS has instructed MEDICREDIT to collect payment from Plaintiff whose
25   only relationship to Ms. Stroyeva is that he is the attorney that the court appointed
26   Successor Trustee of her Trust after Ms. Stroyeva died.   Plaintiff is not Ms.
27   Stroyeva's husband or family member and is not personally responsible for her
28

1   unpaid debts under any possible legal theory.  Regardless, MEDICREDIT,

2   EXPERIAN, EQUIFAX and DOES 1-10, Inclusive, have put the debts of the trust

3   onto plaintiff's personal credit report.

4       11. Defendants, MEDICREDIT, EXPERIAN and EQUIFAX have refused,

5   despite Plaintiff's phone calls and letters to acknowledge that he was not

6   responsible for Ms. Stroyeva's unpaid debts.

7       12. Plaintiff has been damaged and his damages are likely to increase in the

8   near future as the inaccurate derogatories appearing on his credit report are

9   interfering with his ability to purchase a home.

10      13. Plaintiff sent correspondence to MEDICREDIT, EXPERIAN and

11  EQUIFAX asking that they reinvestigate his account cease any negative credit

12  reporting and remove his account form collection activity.  On information and

13  belief, one or more of the credit bureaus sent dispute notices to MEDICREDIT,

14  thereby activating MEDICREDIT'S obligations to plaintiff under the Fair Credit

15  Reporting Act.

16      14.  Plaintiff complied with all requests of each of the Defendants to

17  provide information in order to have the erroneous marks removed from her credit

18  reports.  Despite the insistence of Plaintiff, the Defendants, and each of them,

19  failed to correct the errors and failed to undertake sufficient investigations upon

20  being notified of the errors.

21      15.  Within the two years, Defendants, and each of them, willfully violated

22  the provisions of the Fair Credit Reporting Act in *at least* the following respects:

23      a. By willfully and negligently failing, in the preparation of the consumer

24  report concerning Plaintiff, to follow reasonable procedures to assure maximum

25  possible accuracy of the information in the report;

26      b. By willfully and negligently failing to correct, after receiving ample

27  notice, information about the Plaintiff which defendants knew, or should have

28

---

COMPLAINT FOR DAMAGES

known, was incomplete and/or inaccurate;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

    e. By willfully and negligently failing to follow the provisions of 1681c-1 and c-2 with respect to the rights, duties and obligations of identity theft victims who notify creditors and credit bureaus of the identity theft situation.

    16. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

    17. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### [VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST MEDICREDIT, JJMACINTYRE AND DOES 1-10, INCLUSIVE]

18. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

19. Within two years prior to the filing of the complaint in this action, defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate due to a mixed file error.

20. Each of the Defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive, policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

21. As a proximate result of the willful and negligent actions of the Defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages

1  and statutory penalties for willful violations of the California Consumer Credit
2  Reporting Agencies Act.

3

4                          **THIRD CAUSE OF ACTION**
5               **[VIOLATION OF FEDERAL FAIR DEBT COLLECTION**
6          **PRACTICES ACT AGAINST MEDICREDIT, JJMACINTYRE AND**
7                       **DOES 1-10, INCLUSIVE]**

8          22. Plaintiff incorporates all preceding paragraphs as though alleged in full
9  in this cause of action.

10         23. In debt collecting and in continuing their debt collection activities
11 against plaintiff, particularly after receiving notice that they were debt collecting
12 in error, defendants MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive,
13 have violated the federal Fair Debt Collection Practices Act, 15 U.S.C. Section
14 1692 et seq.

15         24. Specifically, plaintiff alleges that MEDICREDIT, JJMACINTYRE and
16 DOES 1-10, Inclusive, violated the following provisions of federal FDCPA:

17              a. 15 U.S.C. Section 1692d: MEDICREDIT, JJMACINTYRE, and
18         DOES 1-10, Inclusive, engaged in debt collection efforts after they knew,
19         and had determined, that it had no basis for continuing to charge Plaintiff
20         for the accounts at issue.  This had the natural consequence of harassing,
21         abusing and oppressing Plaintiff.

22              b. 15 U.S.C. Section 1692e: MEDICREDIT, JJMACINTYRE and
23         DOES 1-10, Inclusive, have threatened action, or taken action, including
24         threats of credit reporting, threats of lawsuits and implicit or explicit threats
25         of derogatory credit reporting, that cannot legally be taken because the debt
26         is not plaintiff's debt.

27

28

---

COMPLAINT FOR DAMAGES

c. 15 U.S.C. Section 1692f: MEDICREDIT, JJMACINTYRE and DOES 1-10, inclusive, have each used unfair or unconscionable means to collect or attempt to collect the alleged debt.  Specifically, each has attempted to collect amounts not expressly authorized by law or by agreement.

25. The above is a non-exclusive list of violations of 15 U.S.C. Sections 1692d, 1692e and 1692f.

26. As a consequence of the violations of FDCPA by MEDICREDIT, JJMACINTYRE and DOES 1-10, Inclusive, plaintiff has suffered general and special damages according to proof, and is entitled to any available statutory remedy for such willful violations.  Plaintiff is also entitled to his attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### [VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST MEDICREDIT, JJMACINTYRE, CEDARS AND DOES 1-10, INCLUSIVE]

27. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

28. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, MEDICCREDIT, JJMACINTYRE, CEDARS and DOES 1-10, Inclusive, all qualify as "debt collectors".

29. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act.  MEDICCREDIT, JJMACINTYRE, CEDARS and DOES 1-10, Inclusive, all engaged in conduct

1 proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or
2 threatening to communicate to any person credit information which is known or
3 which should be known to be false, including the failure to communicate that a
4 disputed debt is disputed." These defendants each communicated false credit
5 information about the plaintiff to the credit bureaus, and none of these defendants
6 communicated anything to any person to suggest that plaintiff was disputing the
7 debt.

8     30. Plaintiff alleges that MEDICCREDIT, JJMACINTYRE, CEDARS and
9 DOES 1-10, Inclusive, additionally violated other provisions of the federal Fair
10 Debt Collection Practices Act, as incorporated in the Rosenthal Act, as follows:

11     a. 15 U.S.C. Section 1692d: MEDICCREDIT, JJMACINTYRE,
12 CEDARS and DOES 1-10, Inclusive engaged in debt collection efforts after it
13 knew, and had determined, that it had no basis for continuing to charge plaintiff
14 for its services. This had the natural consequence of harassing, abusing and
15 oppressing plaintiff.

16     b. 15 U.S.C. Section 1692e: MEDICCREDIT, JJMACINTYRE,
17 CEDARS and DOES 1-10, Inclusive, made false and misleading representations
18 about the debt; and threatened to take legal action that could not be taken.

19     c. 15 U.S.C. Section 1692f: CEDARS, MEDICREDIT and
20 JJMACINTYRE, and DOES 1-10, inclusive, have each used unfair or
21 unconscionable means to collect or attempt to collect the alleged debt.
22 Specifically, each has attempted to collect amounts not expressly authorized by
23 law or by agreement, and have continued to attempt collection in spite of an utter
24 unwillingness to provide any back-up documentation.

25     31. As a result of these violations of the California Fair Debt Collection
26 Practices Act by CEDARS, MEDICREDIT, JJMACINTYRE and DOES 1-10,
27 Inclusive, Plaintiff has suffered general and special damages according to proof,

28

COMPLAINT FOR DAMAGES

1 | and is entitled to a statutory penalty for each separate violation of California's Act,
2 | as well as punitive damages against these defendants for conduct amounting to
3 | oppression and malice under California law.  In addition, plaintiff is entitled to
4 | attorney's fees, costs and expenses.

5 |

6 |      WHEREFORE, Plaintiff prays for judgment as follows:

7 |    1. For general and special damages according to proof at trial;

8 |    2. For statutory penalties for each separate statutory violation where
9 |       allowed by statute;

10 |    3. For punitive damages against defendants according to proof at trial and
11 | using the applicable punitive damages standards from the involved statutes;

12 |    4. For attorney's fees where authorized by statute or law;

13 |    5. For costs of suit;

14 |    6. For such other relief as the court deems just and proper.

15 |

16 | **PLAINTIFF DEMANDS A JURY TRIAL**

17 |

18 | Dated: April _22_ 2014    **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

19 |

20 |         By:

21 |         Robert F. Brennan
        Attorney for Plaintiff

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Manuel L. Real _____ and to
Magistrate Judge _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

## CV 14-3098-R(AGRx)

Unless otherwise ordered, the United States District Judge assigned to this case will hear and
determine all discovery-related motions.

Clerk, U. S. District Court

_____ April 23, 2014 _____

Date

By  Rhonda Marshall

Deputy Clerk

---

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN A P.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAINBURG, an Individaul;<br><br>             v.                     PLAINTIFF(S)<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>a Corporation; EQUIFAX INFORMATION SERVICES,<br>LLC., is a business entity form unknown; MEDICREDIT,<br>INC., a Corporation; J.J. MACINTYRE,CO., INC, a<br>Corporation; CEDARS SINAI MEDICAL GROUP, an<br>unknown business entity, and DOES 1-10, Inclusive,<br>                      DEFENDANT(S). | CASE NUMBER<br><br>CV 14-3098- R (AGRx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____
_____

    A lawsuit has been filed against you.

    Within  __21__  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                              Clerk, U.S. District Court

Dated: _____4-23-14_____

                                              By: _____Rhona maronell_____

                                                Deputy Clerk

                                                *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ROBERT SAINBURG, an Individual;

**DEFENDANTS**
EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation;
EQUIFAX INFORMATION SERVICES, LLC, is a business entity
form unknown; MEDICREDIT, INC., a Corporation; et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN A P.C.
3150 Montrose Ave.
La Crescenta, CA 91214 Telephone 818-249-5291

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:** Case Number: _____

CV 14-3098

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
EXPERIAN - Ohio
EQUIFAX - Georgia
MEDICREDIT - Missouri
JJ MacIntyre - California
Cedars-Sinai - California

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date ___ April 22, 2014 ___

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |